### 38077. ETHRIDGE *v.* CITY OF LAVONIA.

CARLISLE, Judge. 1. "Municipal corporations shall not be liable for failure to perform, or for errors in performing, their legislative or judicial powers. For neglect to perform, or for improper or unskillful performance of their ministerial duties,

they shall be liable." Code § 69-301. The removal of garbage from residences, the transportation thereof to a point of disposal and the disposal, whether by burning or otherwise, when performed by a municipality, or an agency thereof, is a governmental function in the performance of which a city incurs no liability for the negligent acts of its officers and employees. *Kea* v. *City of Dublin*, 145 *Ga*. 511 (89 S. E. 484); *City of Brunswick* v. *Volpian*, 67 *Ga*. *App*. 654 (21 S. E. 2d 442).

2. Under the foregoing rules of law, a petition which alleges in substance that the plaintiff's property was damaged as a result of fire spreading over the plaintiff's land from a garbage dump maintained by the defendant municipality fails to set forth a cause of action and the judge of the superior court properly sustained the general demurrer thereto and dismissed the petition.

3. The facts alleged in this case distinguish it from those cases involving the placing or maintaining of obstructions in the streets or on the sidewalks of municipalities and applying the doctrine requiring a municipal corporation to keep its streets and sidewalks in a reasonably safe condition for travel, and where a recovery of damages was allowed on account of such obstructions even though they were incidentally maintained or placed in the street by exempt agencies of the municipality. Accordingly, nothing in the cases of *City Council of Augusta* v. *Cleveland*, 23 *Ga*. *App*. 522 (98 S. E. 738), *McFarland* v. *City of McCaysville*, 39 *Ga*. *App*. 739 (148 S. E. 421), and *Mayor &c. of Savannah* v. *Jones*, 149 *Ga*. 139 (99 S. E. 294) requires a ruling in this case different from that now made.

4. Neither can the doctrine rendering municipalities liable in the performance of governmental functions for the maintenance of a nuisance be applied in this case, since the injury complained of here is more in the nature of a tort or a trespass inflicting in one act a direct injury and damage (even though in effect one of more or less lasting duration) to plaintiff's realty as distinguished from the maintenance of a nuisance where the injury complained of is the result of a continuous or recurrent act or condition and is of an indirect character. See 66 C. J. S. 736, Nuisances, § 6, and 63 C. J. S. 84, Mun. Corp. § 776; *Groover* v. *Hightower*, 59 *Ga*. *App*. 491 (1 S. E. 2d 446); *Rinzler* v. *Folsom*, 209 *Ga*. 549, 553 (2) (74

S. E. 2d 661); South & North Ala. R. Co. *v.* McLendon, 63 Ala. 266, 272; McCalla *v.* L. & N. R. Co., 163 Ala. 107 (3) (50 So. 971).

*Judgment affirmed. Gardner, P. J., and Townsend, J., concur.*

DECIDED FEBRUARY 2, 1960.

*Homer W. Gaines, Andrew J. Hill, Jr.,* for plaintiff in error. *Marshall L. Allison,* contra.