38851. SOUTHEASTERN LIQUID FERTILIZER COMPANY v. CHAPMAN *et al.*

Carlisle, Presiding Judge. This case was commenced when fifty-three residents and property owners in the City of States-

boro filed a petition with the mayor and council of that city requesting that that body make an immediate investigation to determine the safety of the storage of material used by the defendant Southeastern Liquid Fertilizer Co., and requesting the council to cause the same to be moved to another location if such material were found to be dangerous to life and property. The plaintiffs alleged that on the night of September 15, 1960, an accident occurred at the plant releasing gas or other noxious fumes in the neighborhood which caused danger and discomfort to the health of the residents and damage to their property, such as shrubs, flowers, trees and grass. The action was commenced pursuant to the authority contained in the act approved July 31, 1918 (Ga. L. 1918, p. 895; see, however, *Code Ch.* 72-4), and was treated by the defendant and all parties as being one to abate a nuisance. The matter came on before the mayor and council of Statesboro for a hearing on October 18, 1960, and after the introduction of evidence the mayor and council entered an order which recited that it was their opinion that the matter complained of in the petition was a nuisance and dangerous to the lives and property of the residents in the vicinity of the defendant's plant, and it ordered that the said plant be moved to a different location. The defendant was given 90 days in which to effect such removal. The defendant, Southeastern Liquid Fertilizer Co., filed its petition for certiorari complaining of that order and judgment on the ground that it was contrary to law and without evidence to support it and contrary to the principles of justice and equity. The judge of the superior court sanctioned the petition and when the matter came on for a hearing before him he entered an order overruling the certiorari. The exception here is to that judgment.

1. The defendant has made a motion to dismiss the writ of error on the ground that the evidence has not been properly briefed. Failure to brief the evidence or to omit immaterial questions and answers pursuant to the provisions of *Code* § 70-305, as amended, is no ground for dismissing the writ of error. Where the evidence has not been properly briefed, or immaterial questions and answers are included therein, the appellate courts will simply refuse to consider any question presented by the assignments of error which require reference to the evidence. *Jones v. Knightstown Body Co.,*

52 Ga. App. 667 (1), 668 (184 S. E. 427). However, in the instant case, an examination of the record fails to show that counsel for the plaintiff in error did not make a bona fide effort to brief the evidence or to omit immaterial questions and answers. The motion to dismiss, treated here as a motion not to consider questions made by assignments of error requiring reference to the evidence, is denied.

2. The petition in this case as originally filed with the mayor and council of the City of Statesboro sought to abate an alleged nuisance solely on the ground of one occurrence in the operation of the defendant's plant. A nuisance is defined as anything that works hurt, inconvenience or damage to another. *Code* § 72-101. "A private nuisance may injure either the person or property, or both, and in either case a right of action accrues to the person injured or damaged." *Code* § 72-104. The whole idea of *nuisance* is that of either a continuous or regularly repetitious act or condition which causes the hurt, inconvenience or injury. To this end, it has long been recognized in Georgia that the mere apprehension of future injury from a nuisance which the complainant anticipates may be maintained in the future in the operation of a lawful business is not sufficient to authorize its abatement. If it be a nuisance, the consequences must be to a reasonable degree certain. *Thomoson v. Sammon,* 174 Ga. 751, 757 (16 S. E. 45); *Wingate v. City of Doerun,* 177 Ga. 373, 374 (3) (170 S. E. 226). A lawful business is not per se a nuisance. *Standard Oil Co. v. Kahn,* 165 Ga. 575 (141 S. E. 643), and cits. Among the classes of businesses which have been held not to be nuisances per se are a warehouse where guano, or commercial fertilizer is stored (*Ruff v. Phillips,* 50 Ga. 130), and a magazine for the storage of explosives. *Simpson v. Dupont Powder Co.,* 143 Ga. 465 (85 S. E. 344, L.R.A. 1915E 430). A legal nuisance is an act, occupation or structure which is a nuisance at all times and under all circumstances regardless of the location or surrounding. *Simpson v. Dupont Powder Co.,* supra, p. 466. A single isolated occurrence or act, which if regularly repeated would constitute a nuisance, is not a nuisance until it is regularly repeated. *Foster v. Mayor &c. of Carrollton,* 68 Ga. App. 796 (24 S. E. 2d 143). The sole basis for the order of the mayor and council in this case was evidence of a single occurrence, which permitted the escape of noxious gases and fumes which

caused injury and damage to the complainants. Assuming for the sake of argument that the evidence showed that this occurrence was due to the negligence of the defendant in this case, it was wholly insufficient to authorize any finding that the defendant was creating or maintaining a nuisance so as to authorize the abatement thereof or the order directing the removal of the defendant's plant. Under the foregoing authorities, it follows that the judge of the superior court erred in overruling the certiorari.

*Judgment reversed. Nichols and Eberhardt, JJ., concur.*

DECIDED MAY 31, 1961.

*Anderson & Sanders, Cohen Anderson, Faye Sanders,* for plaintiff in error.

*Neville & Neville, W. G. Neville,* contra.