43503.   JOHNSON v. CITY OF ATLANTA.

ARGUED MARCH 5, 1968—DECIDED APRIL 2, 1968.

*Miles B. Sams,* for appellant.

*Henry L. Bowden, Thomas F. Choyce,* for appellee.

QUILLIAN, Judge. The plaintiff protests the correctness of the judgment dismissing the petition. He insists that the petition sets forth a right to recover for damages to his house and furnishings on the compatible theories: (a) that the damage to his house is compensable under the provisions of Art. I, Sec. III, Par. I of the State Constitution embodied in *Code Ann.* § 2-301 that "private property shall not be taken, or damaged, for public purposes, without just and adequate compensation being first paid"; (b) that the act of negligence of the city employees in applying the pressure to the sewerage line created a continuing nuisance on his premises and caused damage to his house and furnishings; (c) that the city was performing a mere ministerial function in attempting to remove the debris and refuse from the

sewer and hence is responsible for damage done through the negligence of its employees.

The incident causing the damage to the plaintiff's property is most deplorable, but in order to be compensable under Art. I, Sec. III, Par. I of the State Constitution the damage to the plaintiff's property must have been for a "public purpose." The Supreme Court has construed the words "for public purpose" as synonymous with "public use." *Sheppard v. City of Edison,* 161 Ga. 907 (132 SE 218); *Housing Authority &c. v. Johnson,* 209 Ga. 560, 562 (74 SE2d 891). From the facts set out in the petition no inference can be drawn that the damage to the plaintiff's house was done in order that it be used for a "public purpose." The conclusion is inescapable that the petition set forth no right of action under the constitutional provision.

We next consider the sufficiency of the petition to allege a cause of action on the theory that the negligence on the part of the city employees in attempting to unclog the sewerage line constituted a nuisance. The facts alleged do show the city committed a negligent trespass upon the plaintiff's premises, but not that a nuisance was created on the premises or in the plaintiff's house. The petition alleges a single isolated act of negligence, not continuous or recurrent, and this is not sufficient to show such a negligent trespass constituted a nuisance. This is true though damage to the property, as set out in the petition, is of a "more or less permanent nature." In the case of *Southeastern Liquid &c. Co. v. Chapman,* 103 Ga. App. 773, 775 (120 SE2d 651) it is held: "The whole idea of *nuisance* is that of either a continuous or regularly repetitious act or condition which causes the hurt, inconvenience or injury. . . A single isolated occurrence or act, which if regularly repeated would constitute a nuisance, is not a nuisance until it is regularly repeated." "Neither can the doctrine rendering municipalities liable in the performance of governmental functions for the maintenance of a nuisance be applied in this case, since the injury complained of here is more in the nature of a tort or a trespass inflicting in one act a direct injury and damage (even though in effect one of more or less lasting duration) to plaintiff's realty as distinguished from the maintenance of a nuisance where the injury complained of is the

result of a continuous or recurrent act or condition and is of an indirect character." *Ethridge v. City of Lavonia,* 101 Ga. App. 190, 191 (112 SE2d 822).

This case is distinguishable upon its facts from *City of Albany v. Jackson,* 33 Ga. App. 30 (125 SE 478) and *Langley v. City Council of Augusta,* 118 Ga. 590 (45 SE 486, 98 ASR 133), wherein the city allowed water to continuously overflow and flood the plaintiff's premises, and *City of Atlanta v. Minder,* 83 Ga. App. 295 (63 SE2d 420) and *Bell v. Mayor &c. of Savannah,* 139 Ga. 298 (77 SE 165), in which, for the city's convenience, garbage was dumped upon the plaintiff's property over a period of time. In those cases, the plaintiffs' property having been converted into drainage systems and garbage dumps, the rulings were that the cities' conduct amounted to the damaging of the subject property for public use as contemplated by Art. I, Sec. III, Par. I of the State Constitution, and to have created nuisances. This explanation is made in order that possible confusion may be avoided when the cases last discussed and this case are read in pari materia.

Had the negligent performance of a ministerial function resulted in the damage to the plaintiff's property, he would have been entitled to recover. However, there is complete unanimity in the holdings of our appellate courts that "in an action based on negligence alone a municipal corporation is not liable for damage caused by the negligent maintenance of its system of sewerage and drainage, such maintenance being a governmental and not a ministerial function." *City Council of Augusta v. Williams,* 81 Ga. App. 132 (58 SE2d 208).

*Judgment affirmed. Bell, P. J., and Hall, J., concur.*