24819.  TOWN OF FORT OGLETHORPE v. PHILLIPS,
by Next Friend.

Argued November 12, 1968—Decided December 5, 1968.

*John E. Wiggins,* for appellant.

*Frank Gleason, Broadus McAfee,* for appellee.

*Henry L. Bowden, James T. McIntyre, Jr., Martin McFarland,* for party at interest not party to record.

ALMAND, Presiding Justice.  Alvin Doyle Phillips, Jr., a minor, by his father and next friend brought an action seeking to recover damages for personal injuries against Earl and Sylvia Hamilton, owner and driver respectively of an automobile with which plaintiff had an intersection collision while riding on a motorbike, and the Town of Fort Oglethorpe wherein the collision occurred.  Plaintiff in his petition alleged that: The Town of Fort Oglethorpe maintains and operates a traffic control light at the intersection where the collision took place.  On the date of the collision and for two weeks beforehand, the Mayor, Chief of Police and Aldermen of Fort Oglethorpe had knowledge that this traffic light was not working correctly and failed to correct it.  This traffic light was defective in that it would flash either red or green on all four sides of the intersection simultaneously.  Numerous accidents resulted from the defective condition of the traffic light, and on the day the plaintiff was injured there were six collisions at this crowded intersection because the defective traffic light flashed green in all directions causing approaching vehicles to collide.  The mayor and chief of police knew of these six collisions that took place on the same day the plaintiff was injured and did not repair the defective traffic light.  Through the negligent acts of the Town of Fort Oglethorpe a traffic hazard was created obstructing the intersection and producing a condition injurious to the plaintiff.  The Town of Fort Oglethorpe's negligent and careless opera-

tion of the traffic light at the intersection in question constituted a nuisance in that it "interfered with the orderly and safe operation of vehicles and caused an obstruction of the street" thereby rendering the street not reasonably safe for use. This hazardous condition created by the Town of Fort Oglethorpe's negligence and the negligence of defendant Sylvia Hamilton concurred in causing the plaintiff's injury.

The Town of Fort Oglethorpe filed a general demurrer to the plaintiff's petition. After hearing argument of counsel of the parties, the trial court sustained the municipality's demurrer and dismissed the petition as to the Town of Fort Oglethorpe. Plaintiff appealed to the Court of Appeals which reversed the trial court by holding (with four Judges dissenting) that: "An action *in tort* will lie against a municipality which, with knowledge of the facts, maintains a defective traffic light at an intersection which periodically shows the green or 'go' signal in all four directions simultaneously, resulting in injury to the plaintiff by collision with an automobile approaching at right angles, both entering the intersection as a result of the faulty signal, since its maintenance in this condition renders the street not reasonably safe for use." (Emphasis supplied.) *Phillips v. Town of Fort Oglethorpe*, 118 Ga. App. 62 (162 SE2d 771).

The Town of Fort Oglethorpe made an application to this court for the writ of certiorari which was granted.

The Court of Appeals regarded the main issue in the case as being "whether the maintenance of a defective traffic light by the city, with knowledge of the defect, in such manner as to *cause* automobiles relying upon it to collide with each other constitutes negligence in the exercise of a governmental or ministerial function." Certainly, we view this issue as being one of the decisive questions in this case; however, we would arrive at a different conclusion from that drawn by the Court of Appeals.

The Court of Appeals took the position that the maintenance of a traffic light is a ministerial function and that the failure to properly maintain a traffic light creates a defect or obstruction in the street in violation of *Code* § 69-303. With these conclusions we cannot agree.

The general rule is that in the maintenance and operation of

a traffic light system a city functions in a governmental capacity, thereby relieving the city of liability for failure to keep traffic lights functioning properly. 18 McQuillin, Municipal Corporations (3rd Ed. revised) p. 234, § 53.42. See 63 CJS 91, Municipal Corporations, § 782. See also Dorminey v. City of Montgomery, 232 Ala. 47 (166 S 689); Avey v. City of West Palm Beach, 152 Fla. 717 (12 S2d 881); Auslander v. City of St. Louis, 332 Mo. 145 (56 SW2d 778); Powell v. City of Nashville, 167 Tenn. 334 (69 SW2d 894); Sandmann v. Sheehan, 279 Ky. 614 (131 SW2d 484); Martin v. City of Canton, 41 Ohio App. 420 (180 NE 78); Parsons v. City of New York, 273 N. Y. 547 (7 NE2d 685) and Vickers v. City of Camden, 122 N. J. L. 14 (3 A2d 613). Furthermore, in *Arthur v. City of Albany*, 98 Ga. App. 746, 747 (106 SE2d 347), it was expressly held: "The operation and maintenance of traffic lights and other traffic control devices is a governmental function conducted on behalf of the public safety and for the negligent performance of which municipal corporations are not liable." Very similar language appears in *Stanley v. City of Macon*, 95 Ga. App. 108 (1) (97 SE2d 330). See *City of Rome v. Potts*, 45 Ga. App. 406, 410 (165 SE 131). We are of the opinion that the maintenance and operation of the traffic light by the Town of Fort Oglethorpe is a governmental function and the municipality is not liable for negligent performance.

Secondly, we are of the opinion that the improper operation of a traffic light by a municipality is not such a defect or obstruction of the streets as to bring this function within the scope of *Code* § 69-303, which would result in this function becoming ministerial. In *Arthur v. City of Albany*, 98 Ga. App. 746, 747, supra, it was held that the municipality's maintenance of traffic control devices is "not related to the maintenance of the streets as such, and liability of a municipality for negligent failure to maintain a stop sign after it is once erected cannot be predicated on the theory that it is a part of street maintenance." Obstructions or defects in the streets within the meaning of *Code* § 69-303 are physical obstructions or defects in the streets. In Auslander v. City of St. Louis, 332 Mo. 145, 154, supra, this reasoning is well expressed when the court said: "There is a

difference, however, between the physical condition of a street and its use by the public. The keeping of a street in a condition reasonably safe for travel thereon has reference to its physical condition, and is a different matter than the regulation of traffic on such street. The one relates to the corporate or proprietary powers of the city, while the other relates to its governmental or police powers. This distinction is pointed out in 43 CJ 996, as follows: 'The manner in which a highway of a city is used is a different thing from its quality and condition as a street. The construction and maintenance of a street in a safe condition for travel is a corporate duty, and for a breach of such duty an action will lie; but making and enforcing ordinances regulating the use of streets brings into exercise governmental, and not corporate, powers, and the authorities are well agreed that for failure to exercise legislative, judicial or executive powers of government, there is no liability.' " See Dorminey v. City of Montgomery, 232 Ala. 47, supra; Hanson v. Berry, 54 N. D. 487 (209 NW 1002) and Martin v. City of Canton, 41 Ohio App. 420, supra.

Thus, the improper operation of the traffic light in the instant case is not such a physical obstruction or defect in the street as would change this traffic regulating function from a governmental function to a ministerial function so as to permit an injured party to recover for the municipality's negligent operation of said traffic light.

While we disagree that the maintenance and operation of a traffic light is a ministerial function and that the municipality's failure to properly maintain such traffic light constitutes an obstruction or defect in the street within the context of Code § 69-303, we do agree with the judgment of the Court of Appeals, but for other reasons.

We are limited in our ruling in the instant case exclusively to the allegations of the petition, and under these particular allegations the plaintiff sets forth facts sufficient to state a cause of action based on nuisance as against the municipality's general demurrer.

A municipality like any other individual or private corporation may be liable for damages it causes to a third party from

the operation or maintenance of a nuisance, irrespective of whether it is exercising a governmental or a ministerial function. *Ingram v. City of Acworth,* 90 Ga. App. 719, 720 (84 SE2d 99); *Archer v. City of Austell,* 68 Ga. App. 493, 497 (23 SE2d 512). While it is true that a municipal corporation is not liable for its acts of negligence in discharging a governmental function, yet a municipal corporation cannot under the guise of performing a governmental function create a nuisance dangerous to life or health. *Delta Air Corp. v. Kersey,* 193 Ga. 862, 870 (20 SE2d 245, 140 ALR 1352). Anything that works hurt, inconvenience or damage to another is a nuisance. *Code* § 72-101. An action may be brought against a municipality for the creation or maintenance of a nuisance where the municipality is negligent in carrying out a lawful act which it was authorized to do. *Southland Coffee Co. v. City of Macon,* 60 Ga. App. 253, 257 (3 SE2d 739); *City of Atlanta v. Due,* 42 Ga. App. 797, 803 (157 SE 256).

The allegations of the petition take the instant case beyond mere negligence and into a situation which constitutes a nuisance. The allegations that the Mayor, Chief of Police and Aldermen of Fort Oglethorpe had knowledge for more than two weeks of the defective condition of the traffic light at the intersection in question causing numerous collisions and these officials did not repair this defect but continued to allow it to operate defectively; and further, that the mayor and chief of police knew that six collisions took place at the intersection on the day plaintiff was injured and did nothing to correct the situation, set forth the operation and maintenance of a defective condition that could work damage to anyone who came in proximity to it. Certainly, the petition states facts sufficient to show the active operation and maintenance of a dangerous condition and knowingly allowing such condition to continue to the injury of the plaintiff. Accordingly, the particular allegations of the instant petition set forth a cause of action for the operation and maintenance of a nuisance.

*Judgment affirmed. All the Justices concur.*