## 44627.  TOWN OF FORT OGLETHORPE v. PHILLIPS, by Next Friend.

JORDAN, Presiding Judge.  Previous litigation in the appellate courts established the sufficiency of the pleadings in this case to support a claim against the Town of Fort Oglethorpe, on the theory of nuisance for injuries allegedly caused by a defective traffic light installation which flashed green simultaneously in opposing directions, which the town allegedly knew about for two weeks and did not remedy.  See *Phillips v. Town of Fort Oglethorpe,* 118 Ga. App. 62 (162 SE2d 771); s. c. 224 Ga. 834 (165 SE2d 141); s. c. 119 Ga. App. 59 (166 SE2d 227).

Thereafter, on motion for summary judgment the town filed affidavits of the entire board of aldermen, the mayor, and the chief of police, showing that they had no knowledge that the signal lights would flash green in opposite directions and no knowledge of any collisions at the intersection for a period of more than two weeks prior to the collision on which the present action is based.  In rebuttal the plaintiff filed his affidavit stating that he "and most everyone who lived at Fort Oglethorpe knew that the lights at that intersection did not work correctly," that he had seen police officers directing traffic at the intersection when the lights were out of working order.  The affidavit of a former police officer reveals that one week before the collision the chief of police detailed him to go to the intersection to direct traffic, causing him to "assume" that the chief of police "knew that the traffic light was not functioning properly," and that he spent an hour and a half directing traffic at the intersection during rush hours.  The affidavit of another former town employee discloses that two days before the collision he discussed the defective condition with the vice mayor, and that following his conversation he informed the dispatcher at the police department by radio of the condition.

The present appeal is from the order of the trial judge refusing to sustain the town's motion for summary judgment.  *Held:*

The affidavits on behalf of the town, although purportedly negating actual knowledge, leave open the possibility under the pleadings that the the responsible town officials should have known of the defect in time to act, and the existence of such an issue of fact is additionally bolstered by the counter-

affidavits disclosing circumstances which would warrant the inference that the responsible town officials should have known of the defect in sufficient time to act. The vital question of knowledge, either actual or constructive, being in issue, the trial court properly refused to grant summary judgment in favor of the town.

*Judgment affirmed. Hall and Whitman, JJ., concur.*

SUBMITTED SEPTEMBER 8, 1969—DECIDED FEBRUARY 4, 1970.

*John E. Wiggins,* for appellant.
*Frank M. Gleason,* for appellee.