## 47830. TORY v. CITY OF ATLANTA.

BELL, Chief Judge. The municipality's motion for summary judgment was granted in this suit for damages arising out of a rear end collision involving the plaintiff's automobile and a garbage truck. The defendant pleaded that the truck was in the performance of governmental functions. The affidavit of the driver of the truck, which was not controverted, reveals that after completely loading the truck with garbage collected from apartment complexes he drove to the city's incinerator and emptied the truck. Thereafter, the collision occurred, while returning to the city's sanitary department substation where the driver was to leave the truck that he was then operating, and pick up another loaded garbage truck for delivery to the incinerator. *Held:*

We affirm. While the plaintiff admits that garbage collection is a governmental function, the performance of which grants to a city immunity from liability for the negligent acts of its officers and employees, as was clearly held in *City of Brunswick v. Volpian,* 67 Ga. App. 654, 655 (21 SE2d 442) and *Ethridge v. City of Lavonia,* 101 Ga. App. 190 (112 SE2d 822), it is argued that these cases are distinguishable since at the time of the accident the truck was not actively in the operation of removing garbage from residences, the governmental function. The fact that no garbage was

actually being hauled or collected at the time of the collision does not remove the operation out of the governmental function. "This governmental immunity from liability extends to the use of motor vehicles in connection with the performance or accomplishment of the governmental function." *Foster v. Crowder,* 117 Ga. App. 568, 569 (161 SE2d 364).

*Judgment affirmed. Deen and Quillian, JJ., concur.*

ARGUED JANUARY 3, 1973— DECIDED FEBRUARY 12, 1973.

*J. Ralph McClelland, Jr.,* for appellant.
*Henry L. Bowden, Henry R. Bauer, Jr.,* for appellee.