49481, 49501. CITY OF ATLANTA v. ROBERTS; and vice versa.

PER CURIAM.

On the evening of April 19, 1973, at approximately 9:30 p.m., a City of Atlanta garbage truck became disabled and stopped in the west bound lane of Bolton Road in Atlanta, Georgia. Bolton Road at this point runs generally east and west and is a two lane road, 30 feet wide. Work was performed on the truck for a period of time, but finally it was left deserted with its emergency flashers operating. Later, certain men returned to the truck and worked thereon until approximately 10:30 p.m. Then all lights were extinguished, including the emergency flashers. The truck was left abandoned, completely dark and blocking the west bound lane of traffic.

About 1:30 a.m., April 20, 1973, four hours after the truck became disabled, a collision occurred when a

Volkswagen van being driven west by Wesley R. Vollrath with Chester A. Ellen as a passenger, collided with the parked, deserted and unlighted garbage truck. Ellen was killed. Due notice of his wrongful death was given to the city and a claim was properly filed as required by law.

The administratrix of his estate sued Vollrath for negligence in the operation of the Volkswagen; and sued the City of Atlanta for negligence in failing to maintain its street free of obstructions; in maintaining Bolton Road in an unsafe condition by leaving an unlighted garbage truck parked on said road after notice to the City of Atlanta of said condition; and in maintaining a nuisance by permitting the garbage truck to remain on a heavily traveled public street after notice to the City of Atlanta.

The city answered, and admitted jurisdiction and the collision, but denied being negligent, contending defendant Vollrath's negligence in colliding with the garbage truck was the sole proximate cause of Ellen's death.

After discovery, the city filed a motion for summary judgment in which it contended it was immune from liability; that the garbage truck was left at this location due to an emergency (flat tires) and had never previously been continuously left in this position.

After a hearing, the court sustained the motion for a summary judgment as to the theory and issue of maintenance of a nuisance, citing *Johnson v. City of Atlanta,* 117 Ga. App. 586 (161 SE2d 399); but denied the motion as to the theory and issue of alleged negligence and damage in failing to maintain safe and unobstructed streets, citing *Mayor &c. of Savannah v. Jones,* 149 Ga. 139 (99 SE 294).

Defendant city in Case No. 49481 appeals from the denial of its entire motion for summary judgment. In Case No. 49501, plaintiff appeals from the granting of a partial summary judgment against her as to her claim of maintenance of a nuisance. *Held:*

1. The evidence discloses the truck was left obstructing the west bound lane for approximately four hours on April 19-20, 1973, although there is conflict as to whether or not proper safety devices were left in and around the truck for three hours after it was abandoned on

the street. Thus, under the authority of *Mayor &c. of Savannah v. Jones,* 149 Ga. 139, supra, the court did not err in denying summary judgment as to the negligence phase of the case in obstructing the street.

Even though the removal of garbage is a sanitary and health measure comprising a governmental function, the municipality was under a ministerial duty to keep its streets free of obstructions, particularly those of its own making. The city was not immune from liability. See also the case of *City Council of Augusta v. Cleveland,* 148 Ga. 734 (98 SE 345), wherein a seven-year-old boy was attracted to work being performed by sewerage-drainage employees (a governmental function) on a sidewalk of a municipality and was injured. There, the Supreme Court instructed this court, in answer to a certified question, that if the city employees were negligent in creating dangerous defects or obstructions in a sidewalk from which one not chargeable with negligence was injured, the city could be held liable to the injured party. The trial judge did not err in denying the motion for summary judgment of the City of Atlanta on the theory of obstructing a city street.

2. The facts here show a single isolated act of negligence, "and this is not sufficient to show such a negligent trespass constituted a nuisance. . . In *Southeastern Liquid &c. Co. v. Chapman,* 103 Ga. App. 773, 775 (120 SE2d 651) it is held: 'The whole idea of nuisance is that of either a continuous or regularly repetitious act or condition which causes the hurt, inconvenience or injury. . . A single isolated occurrence or act, which if regularly repeated would constitute a nuisance, is not a nuisance until it is regularly repeated.' 'Neither can the doctrine rendering municipalities liable in the performance of governmental functions for the maintenance of a nuisance be applied in this case, since the injury complained of here is more in the nature of a tort or a trespass inflicting in one act a direct injury and damage (even though in effect one of more or less lasting duration) to plaintiff's realty as distinguished from the maintenance of a nuisance where the injury complained of is the result of a continuance or recurrent act or condition and is of an indirect character.' *Ethridge v. City*

*of Lavonia,* 101 Ga. App. 190, 191 (112 SE2d 822)." *Johnson v. City of Atlanta,* 117 Ga. App. 586, 588 (161 SE2d 517). The case of *Town of Fort Oglethorpe v. Phillips,* 224 Ga. 834 (165 SE2d 141) does not require a different ruling in this case. In the *Town of Ft. Oglethorpe* case it appeared there were defects in a traffic light for more than a period of two weeks which had caused six collisions at an intersection, during which time the defendant city had knowledge of the situation. Here, we have an obstruction of a city street for a period of four hours rather than a continuous malfunctioning signal light continuously causing injury and damage to others.

The trial court did not err in granting the city's partial motion for summary judgment as to recovery against it on the theory of nuisance.

*Judgments affirmed. Bell, C. J., Pannell, P. J., Deen, P. J., Quillian, Clark, Stolz, Webb and Marshall, JJ., concur. Evans, J., concurs in part and dissents in part.*

ARGUED JULY 8, 1974 — DECIDED NOVEMBER 26, 1974 — REHEARING DENIED DECEMBER 19, 1974 — 

*James H. Weeks,* for appellant.
*Shoob, McLain, Jessee, Merritt & Lyle, M. David Merritt, Palmer H. Ansley,* for appellee.

EVANS, Judge, concurring in part and dissenting in part.

I concur in the majority opinion as to Division 1, but I dissent as to the holding in Division 2 and the judgment of affirmance in Case Number 49501.

On the evening of April 19, 1973, at around 9:30 p.m., a garbage truck of the City of Atlanta became disabled and stopped in the west bound lane of Bolton Road in Atlanta, Ga. Work was performed on the truck until around 10:30 p.m., at which time all lights were extinguished, including the emergency flashing lights. The truck was left abandoned, completely dark, and blocking the west bound lane of traffic on Bolton Road. Four hours later a Volkswagen collided with the parked, deserted, and unlighted garbage truck, as a result of

which suit was filed against the City of Atlanta.

The trial court granted the city's motion for summary judgment as to the theory of liability for *maintenance of a nuisance,* holding that there was no liability for maintenance of a nuisance in this case. At the same time, the trial court held there was a right of action for failure by the city to keep its streets safe.

The majority opinion affirms, in Division 2 of its opinion, holding that no right of action for maintenance of a nuisance was set forth in this case. Even though the majority holds there was a right of action for failure by the City of Atlanta to keep its streets safe, I am convinced that the question of *maintenance of a nuisance* is quite important, and must be dealt with by our courts hereafter, and I therefore dissent and set forth my reasons for such dissent.

A municipality is liable for damages it causes another from the operation or maintenance of a nuisance, irrespective of whether or not it is exercising a governmental or a ministerial function. *Ingram v. City of Acworth,* 90 Ga. App. 719, 720 (84 SE2d 99); *Archer v. City of Austell,* 68 Ga. App. 493, 497 (23 SE2d 512); *Town of Fort Oglethorpe v. Phillips,* 224 Ga. 834, 838 (165 SE2d 141); *Delta Air Corp. v. Kersey,* 193 Ga. 862, 870 (20 SE2d 245). Anything that works hurt, inconvenience or damage to another is a nuisance. Code § 72-101. The city knew of the danger of leaving the garbage truck in the position in which it was located at 10:30 p.m., if not at 9:30 p.m.; made efforts to repair same, but for some reason, known only to the workmen, failed to remove it from the traffic and position of peril. Indeed, there was some evidence that no effort was made to leave any type of protection such as flare signals or emergency lights, on or off the truck, to protect the public. The interrogatories disclose that after the collision, the vehicle was drivable and was removed under its own power from the scene. Actual "operation and maintenance of a dangerous condition and knowingly allowing such condition to continue to the injury of the plaintiff" was shown by the evidence. *Town of Fort Oglethorpe v. Phillips,* 224 Ga. 834, 838, supra. The case sub judice is dissimilar to that of *Johnson v. City of Atlanta,* 117 Ga. 586, supra, wherein plaintiff's dwelling

was inundated with sewerage *only once,* and the city was unaware that this might occur. Nor is the case of *Tory v. City of Atlanta,* 128 Ga. App. 155 (195 SE2d 923), wherein a collision occurred with a city garbage truck driving along the city street applicable. Here the city was well aware of the dangerous condition, and did nothing to correct the matter for four hours, leaving the public to its peril and disaster.

It is my opinion the trial court erred in granting the city's partial summary judgment on the theory of lack of nuisance, because the city was well aware of the danger of leaving the garbage truck in the position in which it was located for several hours. It thereby maintained a nuisance which was detrimental to the plaintiff.