## 52803. MORIN v. CITY OF VALDOSTA.

STOLZ, Judge.

The appellant sued the appellee city for damages resulting from an alleged nuisance maintained by the appellee. The trial court dismissed the appellant's complaint for failure to state a claim upon which relief can be granted. The judge held that the acts allegedly done by the appellee to the appellant as a matter of law did not constitute a nuisance, but instead were tortious in nature. Thus, the appellee was found to be protected from suit by governmental immunity. Code §§ 69-301, 69-307.

The appellant's claim of nuisance is based upon two series of incidents. For purposes of this appeal, we must assume the appellant's description of those incidents to be true. On April 17, 1975, the appellant was injured as a result of a collision with a uniformed policeman of the appellee city, who was proceeding on his motorcycle with his light flashing and siren operating. The appellant was then arrested for driving under the influence, forced to suffer a six-hour delay in receiving emergency treatment, and generally treated in a discourteous manner by

employees of the appellee. Almost three months later, the appellant was the subject of an illegal search and seizure committed by employees of the appellee, was arrested on authority of statutes at the time repealed, and was unfairly treated due to an assault committed by the appellee's employees on the appellant's attorney, who was seeking to protect the appellant's rights. The appellant contends that these two incidents taken together constitute a nuisance, and that the appellee is liable for resultant damages.

The appellant's contention is without merit. "The whole idea of *nuisance* is that of either a continuous or regularly repetitious act or condition . . ." *Southeastern Liquid &c. Co. v. Chapman,* 103 Ga. App. 773 (2) (120 SE2d 651) (1961). See *City of Atlanta v. Roberts,* 133 Ga. App. 585 (2) (211 SE2d 615) (1974); *Ethridge v. City of Lavonia,* 101 Ga. App. 190 (4) (112 SE2d 822) (1960). The appellant alleged two separate and distinct tortious incidents occurring approximately three months apart. Therefore, in his complaint he showed a lack of the continuity or repetition necessary for a finding of nuisance, and his case is distinguishable from *Town of Ft. Oglethorpe v. Phillips,* 224 Ga. 834 (165 SE2d 141) (1968) and *City of Gainesville v. Pritchett,* 129 Ga. App. 475 (199 SE2d 889) (1973).

*Judgment affirmed. Bell, C. J., and Clark, J., concur.*

SUBMITTED OCTOBER 6, 1976 — DECIDED NOVEMBER 8, 1976.

*John S. Boswell, Jr.,* for appellant.
*Tillman, Brice, McTier, Coleman & Talley, Henry Brice, George T. Talley,* for appellee.