54934. CITY OF EAST POINT v. TERHUNE et al.
54935. TERHUNE v. CITY OF EAST POINT et al.

WEBB, Judge.

Harold J. Terhune and his wife Nell H. Terhune filed suit against the City of East Point and W. C. Cato, a developer, alleging that as a result of the city's negligence in the design, construction and upkeep of a cross-drain upstream from their residence and increased flow of surface water from the construction of Cato's apartment project, a nuisance had been created causing the basement of their house to be flooded and the foundation undermined, with great damage to their real and personal property.

Title to the real property at the time the action was filed was in Nell H. Terhune, but ante litem notice to the city pursuant to Code Ann. § 69-308 was filed by Harold J. Terhune. Upon the city's motion the court dismissed Mrs.

Terhune for failure to comply with Code Ann. § 69-308. At the close of the evidence it granted the city's motion for directed verdict as to alleged negligence in the performance of a governmental function, but denied motions for summary judgment and for directed verdict on the ground of created nuisance for damage to property owned by Mr. Terhune. A verdict and judgment was rendered in favor of Mr. Terhune and the city appeals. Mrs. Terhune cross appeals as to her dismissal.

1. The evidence established that the sewer line was constructed in 1955 according to accepted engineering practices by what is known as the "twenty-five year plan," whereby, under normal conditions, the particular size of pipe used should prove inadequate only once every twenty-five years. Thus the city installed the size and type drainage pipe necessary to carry any and all surface water expected within a twenty-five year period. One year later Mrs. Terhune's house was constructed in the flood plain by her predecessor in title with the basement at an elevation eleven inches below the inside top of the drain pipe. On one occasion prior to the purchase of the home by Mrs. Terhune the basement had flooded and this fact was known at the time of purchase. The instant suit is based on the single occasion of flooding occurring during the Terhunes' residency, on June 29, 1971.

"Municipal corporations shall not be liable for failure to perform, or for errors in performing, their legislative or judicial powers. . . ," Code § 69-301, and "The construction, installation and maintenance of a sewer-drainage system (including that for surface water) is a governmental function of the city. [Cits.]" *Foster v. Crowder,* 117 Ga. App. 568 (1) (161 SE2d 364) (1968). While it is true that "a municipal corporation cannot under the guise of performing a governmental function create a nuisance dangerous to life or health," *Town of Ft. Oglethorpe v. Phillips,* 224 Ga. 834, 838 (165 SE2d 141) (1968), this case is controlled by *Johnson v. City of Atlanta,* 117 Ga. App. 586, 588 (161 SE2d 399) (1968), where this court held:

"The petition alleges a single isolated act of negligence, not continuous or recurrent, and this is not sufficient to show such a negligent trespass constituted a nuisance. This is true though damage to the property, as

set out in the petition, is of a 'more or less permanent nature.' In the case of *Southeastern Liquid &c. Co. v. Chapman,* 103 Ga. App. 773, 775 (120 SE2d 651) it is held: 'The whole idea of *nuisance* is that of either a continuous or regularly repetitious act or condition which causes the hurt, inconvenience or injury . . . A single isolated occurrence or act, which if regularly repeated would constitute a nuisance, is not a nuisance until it is regularly repeated.' 'Neither can the doctrine rendering municipalities liable in the performance of governmental functions for the maintenance of a nuisance be applied in this case, since the injury complained of here is more in the nature of a tort or a trespass inflicting in one act a direct injury and damage (even though in effect one of more or less lasting duration) to plaintiff's realty as distinguished from the maintenance of a nuisance where the injury complained of is the result of a continuous or recurrent act or condition and is of an indirect character.' *Ethridge v. City of Lavonia,* 101 Ga. App. 190, 191 (112 SE2d 822)." See also cases cited in footnote 1, *Coppedge v. Columbus,* 134 Ga. App. 5, 7 (213 SE2d 144) (1975).

There being no evidence here to establish that the City of East Point had created or was maintaining a nuisance as defined above, the trial court erred in submitting this issue to the jury.

2. The disposition we have reached in the main appeal makes it unnecessary to determine whether the ante litem notice given was sufficient, as contended by Mrs. Terhune in the cross appeal.

*Judgment reversed on appeal; cross appeal dismissed. Quillian, P. J., and McMurray, J., concur.*

SUBMITTED JANUARY 10, 1978 — DECIDED FEBRUARY 3, 1978 — REHEARING DENIED FEBRUARY 20, 1978 —

*Sparrow, Barnes, Barrow & Wallhausen, George N. Sparrow, Jr.,* for City of East Point et al.

*Scott Walters, Jr., William Q. Bird,* for appellees (case no. 54934).

*Scott Walters, Jr.,* for appellant (case no. 54935).