### 34481. CITY OF BOWMAN v. GUNNELLS et al.

JORDAN, Justice.

We granted certiorari to review the decision of the Court of Appeals in *City of Bowman v. Gunnells,* 148 Ga. App. 27 (251 SE2d 39) (1978) which held that there was an issue of fact "as to whether the city created a nuisance when it failed to replace a light bulb which had burned out behind a red reflector in a traffic light after it had notice that the light was malfunctioning."

Our grant of certiorari posed the questions of (1) whether the Court of Appeals misconstrued this court's decision in *Town of Ft. Oglethorpe v. Phillips,* 224 Ga. 834 (165 SE2d 141) (1968), and (2) whether this court should enunciate a more definitive description of what constitutes a nuisance.

The following facts appear to be undisputed: On August 4, 1975, at approximately 12 o'clock noon the chief of police of the City of Bowman observed that one bulb in the traffic light at an intersection was not burning. He immediately notified the city clerk of the burned out bulb, who in turn promptly called the Georgia Power Company which was under contract to replace burned out bulbs in the city's traffic lights. Neither the chief nor the clerk took any other action. The Georgia Power Company, though it received notice of the burned out bulb at approximately 12:30 p.m., did not replace the bulb until about 4 p.m.

At approximately 1:55 p.m., some two hours after the malfunctioning, the respondents were injured in a car-truck collision at the intersection allegedly caused by

the defective traffic light. There had been no previous collisions or accidents at the intersection on the day of this accident.

1. We hold as a matter of law that under the facts stated above that the City of Bowman cannot be held liable under the theory of maintaining a nuisance. To hold otherwise would greatly extend the holding of this ocurt in *Town of Ft. Oglethorpe,* supra, and its progeny.

The law is clear in Georgia, and we so stated in *Mayor &c. of Savannah v. Palmerio,* 242 Ga. 419 (249 SE2d 224) (1978) that "A municipal corporation, like any other individual or private corporation, may be held liable for damages it causes to a third party from the operation or maintenance of a nuisance, irrespective of whether it is exercising a governmental or municipal function," citing *Town of Ft. Oglethorpe,* supra, and other cases. In the same case, in which we undertook an analysis of the Georgia Law on municipal tort liability for maintenance of a nuisance, we also clearly stated that "To be held liable for maintenance of a nuisance, the municipality must be chargeable with performing a continuous or regularly repetitious act, or creating a continuous or regularly repetitious condition, which causes the hurt, inconvenience or injury . . .", citing cases.

Under this and the other guidelines in *Palmerio,* supra, there must be the *maintenance* of a dangerous condition on a *continuous* or *regular* basis over a period of time in which no action or inadequate action is taken to correct the condition after knowledge thereof. The facts in *Town of Ft. Oglethorpe* clearly met this definition of what it takes to constitute a nuisance by allowing the dangerous condition to exist for two weeks with knowledge by the town of numerous accidents with no corrective action on its part. There we held that such facts took the case "beyond mere negligence and into a situation which constitutes a nuisance." The state of facts in the case under consideration is a "far cry" from the facts in *Ft. Oglethorpe.* Here the city took prompt action upon knowledge of the defect and the dangerous condition had existed less than two hours when the accident occurred.

2. Neither this court, nor any other court to our knowledge, has been able to give a precise legal definition

of nuisance that would apply to all situations. It has been said that pornography cannot be defined but you know it when you see it. A nuisance is in a similar category. While ordinarily whether a nuisance exists is a question of fact for a jury (*Bowen v. Little*, 139 Ga. App. 176 (228 SE2d 159) (1976); *City of Gainesville v. Pritchett*, 129 Ga. App. 475 (199 SE2d 889) (1973)) under some factual situations it can be held as a matter of law that no nuisance exists.

In *City of Atlanta v. Roberts*, 133 Ga. App. 585 (211 SE2d 615) (1974) the Court of Appeals in a full court opinion, upheld the grant of a summary judgment for the city on the theory of maintenance of a nuisance. There it was alleged that the city had left a disabled, unlighted garbage truck on a heavily traveled public street at night after notice to the city for a period of four hours. After reciting the facts in *Town of Ft. Oglethorpe,* the court distinguished the two cases, saying: "Here, we have an obstruction of a city street for a period of four hours rather than a continuous malfunctioning signal light continuously causing injury and damage to others." Ibid, p. 588.

Based on the holdings in *Town of Ft. Oglethorpe v. Phillips, Mayor &c. of Savannah v. Palmerio,* both supra, and many other cases of this court and the Court of Appeals, the following guidelines appear:

(1) The defect or degree of misfeasance must be to such a degree as would exceed the concept of mere negligence. (A single isolated act of negligence is not sufficient to show such a negligent trespass as would constitute a nuisance, *City of Atlanta v. Roberts,* supra.)

(2) The act must be of some duration (two weeks in *Ft. Oglethorpe,* four hours held insufficient in *Roberts,* supra) and the maintenance of the act or defect must be continuous or regularly repetitious (*Palmerio* and *Roberts,* supra).

(3) Failure of the municipality to act within a reasonable time after knowledge of the defect or dangerous condition. (*Ft. Oglethorpe,* supra.).

Applying the above guidelines to this case, we hold as a matter of law that the city acted within a reasonable time to remedy the defect after knowledge of the same, and that the condition created by the defect was not of the

duration sufficient to convert an act of negligence (if any there be) into a nuisance.

*Judgment reversed. All the Justices concur, except Bowles, J., who concurs in the judgment only, and Nichols, C. J., and Hill, J., who dissent.*

ARGUED MARCH 12, 1979 — DECIDED JUNE 20, 1979.

*Lavender, Lavender & Phelps, Robert W. Lavender, Woodrow W. Lavender,* for appellant.

*Walter E. Sumner,* amicus curiae.

*Davis, Davidson & Hopkins, Jack S. Davidson, Walter J. Gordon, Kenyon, Hulsey & Oliver, Julius M. Hulsey, Richard W. Story, Erwin, Epting, Gibson & McLeod, Eugene A. Epting,* for appellees.

HILL, Justice, dissenting.

I must dissent because, in my view, the majority overemphasizes the prompt action of the city and the duration of the defect without considering other factors which pertain to those same matters.

The chief of police testified that he considered the intersection, Ga. 17 and Ga. 172, to be dangerous, whether the light was working or not; that he called the city clerk and upon finding the clerk having lunch at home, he called Georgia Power; and that when Georgia Power did not respond in a short period of time, he called the power company again, before the collision in issue here. Although the chief of police considered the intersection to be a hazard, so much so that he was concerned when the defect was not promptly fixed, he did not direct traffic at the intersection or cause someone to do so.

The city clerk testified that he received the chief's call at home, and that the city had a supply of bulbs and a superintendent of utilities who could have replaced the burned out bulb but who was not called upon to do so.

In my view the question of whether the city was maintaining a nuisance cannot be decided on the basis of duration alone. The degree of the danger created by the defect must be considered in determining the

reasonableness or unreasonableness of the duration. For example, if the chief of police sees a fire raging in a city park and spreading toward a hospital, the time allowed for action will not be controlled by the four hours allowed for moving a disabled truck in *City of Atlanta v. Roberts,* 133 Ga. App. 585 (2) (211 SE2d 615) (1974). The same would be true if the city learned that a bridge had washed away.

In my view the city did not show that there was no genuine issue of fact as to whether a nuisance existed and hence the grant of summary judgment to the city was error. It follows that the Court of Appeals correctly decided this case and we should not reverse.

I am authorized to state that Chief Justice Nichols joins in this dissent.