64516. MAYOR AND ALDERMEN OF THE CITY OF SAVANNAH v. AMF, INC. et al.

BANKE, Judge.

This is a suit against the City of Savannah to recover for damage to a trailer which struck a tree limb protruding over the right-hand northbound lane of Abercorn Street. The jury returned a verdict for the plaintiffs in the amount of $6110. On appeal, the defendants complain that the trial court erred in denying their motions for directed verdict and judgment notwithstanding the verdict.

The evidence, viewed most favorably to the plaintiff, showed that the trailer was being pulled at an appropriate speed in its proper lane of traffic when it struck the protruding live limb of an oak tree adjacent to the traffic lane. The tree was within the right-of-way of the street, which the city was responsible for maintaining. The accident occurred on April 28, 1975. Four substantially similar accidents were shown to have occurred on the same street in March, June, and July of 1973 and in July of 1974, although none involved the particular tree at issue in this case. *Held:*

The following principles governing municipal liability for the maintenance of a nuisance were recently set forth by the Supreme Court:

"(1) The defect or degree of misfeasance must be to such a

degree as would exceed the concept of mere negligence. (A single isolated act of negligence is not sufficient to show such a negligent trespass as would constitute a nuisance, *City of Atlanta v. Roberts* . . . [133 Ga. App. 585 (211 SE2d 615) (1974)]. . .)

"(2) The act must be of some duration (two weeks in [ *Town of Ft. Oglethorpe v. Phillips,* 224 Ga. 834 (165 SE2d 141) (1968)], four hours held insufficient in *Roberts,* supra), and the maintenance of the act or defect must be continuous or regularly repetitious ([ *Mayor &c. of Savannah v. Palmerio,* 242 Ga. 419 (249 SE2d 224) (1978)], and *Roberts,* supra).

"(3) Failure of the municipality to act within a reasonable time after knowledge of the defect or dangerous condition. *(Town of Ft. Oglethorpe,* supra.)" *City of Bowman v. Gunnells,* 243 Ga. 809, 811 (256 SE2d 782) (1979).

We note that whether and under what conditions protruding limbs may constitute a municipal nuisance is a matter of first impression. *Roberts,* supra, involved a disabled garbage truck which was allowed to remain in the roadway; *Town of Ft. Oglethorpe* and *City of Bowman,* supra, concerned malfunctioning traffic signals; and *Savannah,* supra, concerned allegations that warning signs were insufficient to show that the middle lane of a 3-lane highway was reversible.

"Neither this court, nor any other court to our knowledge, has been able to give a precise legal definition of nuisance that would apply to all situations. It has been said that pornography cannot be defined but you know it when you see it. A nuisance is in a similar category." *City of Bowman,* supra, at 810. Under some factual situations, it can be held as a matter of law that no nuisance exists, however, that question ordinarily is a question of fact for the jury. *Bowen v. Little,* 139 Ga. App. 176 (228 SE2d 159) (1976); *City of Gainesville v. Pritchett,* 129 Ga. App. 475 (199 SE2d 889) (1973). We believe the evidence was sufficient to create a jury issue in the case before us.

*Judgment affirmed. McMurray, P. J., and Birdsong, J., concur.*

DECIDED SEPTEMBER 28, 1982 —
REHEARING DENIED OCTOBER 26, 1982 — 

*William W. Shearouse, Jr.,* for appellant.
*Stephen H. Harris,* for appellees.