A91A0061. GRIER et al. v. CITY OF ATLANTA et al.
(408 SE2d 794)

COOPER, Judge.

This appeal arises from an action for personal injuries brought by appellant Brendianne Grier, on behalf of her minor son Derrick Grier, against the City of Atlanta ("City"), CSX Transportation, Inc. ("CSX") and the City's Commissioner of Parks & Recreation. Appellant sought to recover under theories of negligence and maintenance of a nuisance for injuries suffered by her son when he jumped from a moving CSX freight train. Appellant subsequently dismissed the action against CSX as well as her claim of negligence against the City. This appeal follows the trial court's grant of summary judgment to the City and its commissioner, appellees herein, on appellant's nuisance claim.

The record reflects that the property which is now known as Maddox Park was acquired by the City in 1891, to be used as a sanitary dumping ground. In 1904, the City granted an easement to a local railroad company for the right-of-way through the dumping ground, and that easement was later assigned to CSX. In 1910, the dump site was declared a city park and has since that time been known as Maddox Park. Various improvements were made to the park over the next several decades, including a swimming pool, swing sets, and playing area. It is undisputed that the CSX railroad tracks intersected Maddox Park, separating the swimming pool from the playing area and that CSX trains ran through Maddox Park at least daily. The speed limit for the trains through the park was 10 mph.

The accident occurred when Derrick Grier, then 12 years old, attempted to cross from one side of the park to the other side so that he could go home. Derrick testified that he climbed aboard a moving train going approximately 2 mph, but before he could get across, the train speeded up and he was afraid to jump off the train. Derrick stayed on the train until the train reached Union City, Georgia, where he then attempted to jump off the train while it was still moving. Derrick's leg was injured in his attempt to jump from the train and had to be amputated below the knee.

The trial court granted appellees' motion for summary judgment finding that there had been no nuisance shown as a matter of law, and the sole enumeration on appeal is the propriety of the trial court's ruling. " ' "In *City of Bowman v. Gunnells*, 243 Ga. 809 (2) (256 SE2d 782) (1979), the Supreme Court set out three guidelines to define a nuisance for which a city may be liable. First, the defect or degree of misfeasance must be to such a degree as would exceed the concept of mere negligence. Second, the act must be of some duration. Third, the city must have failed to act within a reasonable time after knowledge of the defect or dangerous condition." [Cit.]' " *City of Ea-*

*tonton v. Few*, 189 Ga. App. 687 (1) (377 SE2d 504) (1988). " 'Under some factual situations, it can be held as a matter of law that no nuisance exists; however, that question ordinarily is a question of fact for the jury.' [Cits.]" *Whiddon v. O'Neal*, 171 Ga. App. 636, 638 (320 SE2d 601) (1984). The City contends that prior to the injury to appellant's son, it had no knowledge of children playing on or around the trains in Maddox Park. However, several employees of CSX testified that they had observed children playing on or near the trains on many occasions prior to the injury to Derrick Grier. One employee testified that he had probably witnessed children playing on the trains more than 100 times. The City's district maintenance manager testified that during the summer months approximately 150 children play in Maddox Park daily; that city maintenance crews are in Maddox Park every other day engaging in various maintenance activities; and that in his opinion, children playing on the trains is a hazardous condition. Although there was no evidence of actual knowledge, we find that the evidence presented by appellant was sufficient to raise a question of fact as to whether the City had constructive notice of the dangerous condition.

Appellees' argument that they cannot be held liable as a matter of law for a nuisance because the accident occurred outside the city limits on property owned by the railroad is without merit. See *City of Gainesville v. Pritchett*, 129 Ga. App. 475, 476 (199 SE2d 889) (1973). Questions of proximate cause are matters for the jury except in clear cases. *Cunningham v. Nat. Service Indus.*, 174 Ga. App. 832, 836 (331 SE2d 899) (1985). Nor do we find the fact that the railroad had a lawful easement through the park to be a bar to the nuisance action against the City. The railroad easement existed prior to the City's decision to build and maintain a park on both sides of the railroad track, and appellant's lawsuit questions the propriety of that decision.

Appellees, citing *City of East Point v. Terhune*, 144 Ga. App. 865 (242 SE2d 728) (1978), argue that they cannot be held liable under a nuisance theory because there has been only one occasion of injury. We disagree. That case, which involved a single occasion flooding, did not involve a regular, repetitious act or condition which caused the injury, and therefore was not sufficient to constitute a nuisance. In the case sub judice, the condition which created the hazard — the presence of moving trains directly through a park where children played — had been in existence for several decades. Furthermore, the evidence shows that occurrences involving children playing on or near the trains were regularly repeated. Thus, the City can be chargeable with "creating a continuous or regularly repetitious condition" which caused injury. *Mayor &c. of Savannah v. Palmerio*, 242 Ga. 419 (3) (i) (249 SE2d 224) (1978). Accordingly, we reverse the trial court's grant of summary judgment to appellees. "As the evidence was sufficient to

raise a jury question, the trial court erred in granting summary judgment in favor of the City on the issue of nuisance." *Kicklighter v. Savannah Transit Auth.*, 167 Ga. App. 528 (3) (307 SE2d 47) (1983).
*Judgment reversed. Birdsong, P. J., and Pope, J., concur.*

DECIDED MAY 31, 1991 —
RECONSIDERATION DENIED JULY 23, 1991 — 

*Michael A. Young, R. Lee Marlow*, for appellants.
*Marva J. Brooks, Kendric E. Smith, Jo A. Crowder*, for appellees.