S92G1163. CITY OF ATLANTA v. METROPOLITAN ATLANTA RAPID TRANSIT AUTHORITY et al.
(425 SE2d 862)

CLARKE, Chief Justice.

A MARTA bus collided with a vehicle driven by Patricia Bauer while they were driving on DeKalb Avenue in the City of Atlanta (City). Bauer died as a result of this collision, and her estate sued MARTA and the driver of the MARTA bus on a negligence theory.

Bauer's estate also sued the City of Atlanta in nuisance for maintaining a dangerous traffic signal which, the estate alleged, was a contributing proximate cause of the collision. MARTA and the bus driver filed a cross-claim for contribution against the City, alleging that it had created and maintained a nuisance which contributed to the collision.

Subsequently, MARTA settled with Bauer's estate, and the estate dismissed the complaint. The case proceeded to a jury trial on the contribution cross-claim. The jury returned a verdict in favor of MARTA and the bus driver, finding that the traffic signal in question was a nuisance and "a proximate concurring cause" of the collision. The Court of Appeals affirmed. *City of Atlanta v. MARTA*, 204 Ga. App. 387 (419 SE2d 330) (1992). We granted certiorari to determine whether the traffic signal in question created a nuisance for which the City was liable. We conclude that, under the limited circumstances of this case, the traffic signal, as a matter of law, did not constitute a nuisance, and therefore reverse the judgment of the Court of Appeals.

The portion of DeKalb Avenue on which the collision occurred consists of three lanes. The middle lane is reversible, bounded by double, dashed, yellow lines, and is regulated by an overhead traffic device which, at the time of the collision, varyingly displayed red, green or yellow signals, depending on the traffic flow at different times of day. The bus driver testified at trial that he was in this reversible lane, attempting to pass a vehicle on his right, when he saw Bauer driving directly toward him in the reversible lane. In an attempt to avoid a head-on collision, he steered into the lane to his left. In a defensive action, Bauer moved into the same lane, and their vehicles collided. Bauer died minutes later. At the time of the collision, the signal regulating the middle lane was flashing a yellow "X" in both directions. The bus driver testified at trial that he thought it permissible to drive in the middle lane to pass another vehicle when the overhead traffic signal was flashing a yellow "X."

Additional evidence at trial showed that other collisions had occurred in the reversible lane on DeKalb Avenue during the times it was regulated by a flashing yellow "X" signal. There was also evidence which showed that the accident rate for DeKalb Avenue was not significantly different for times when the reversible lane signal was flashing a yellow "X" and when it was not, and was, in fact, somewhat lower than the national average of collisions for similar roadways.

The Manual on Uniform Traffic Control Devices for Streets and Highways, adopted by the City and the Georgia Department of Transportation, indicates a lane governed by a flashing yellow "X" should be used for left turns. Further, the Georgia Driver's Manual, published by the Georgia Department of Public Safety, states that a

"steady" yellow "X" used as a lane control signal means the driver must stay clear of the lane, while a "flashing" yellow "X" lane control signal means that a left turn is permitted in that lane.

It is undisputed that the City installed, maintained and regulated the traffic signal in question. The record also shows that the traffic signal at issue and reversible lane configuration on DeKalb Avenue are in conformity with the Uniform Manual of Traffic Control Devices. There is no contention that the traffic signal was functioning improperly at the time of the collision.

MARTA argues that the jury was authorized to find that the flashing yellow "X" traffic signal was a continuously dangerous condition which amounted to a nuisance, and therefore was a proximate contributing cause of the collision. To support its position MARTA points to the opinion of its expert, a traffic engineer, who testified at trial that a flashing, yellow "X" signal is confusing to drivers. The Court of Appeals agreed with MARTA's argument, and held that the traffic signal, when flashing a yellow "X," created a hazardous condition due to the confusion of motorists as to its meaning, and that the City was aware of this confusion and resulting hazardous condition. The Court of Appeals further held that this confusion resulted in the MARTA bus driver and Patricia Bauer driving simultaneously in the lane regulated by the flashing yellow "X." Therefore, the traffic signal, when flashing a yellow "X," constituted a nuisance which contributed to the collision. 204 Ga. App. at 390.

A municipality may be liable in damages for maintaining a nuisance when it creates a continuously hazardous condition, or performs a continuously hazardous act which causes hurt, inconvenience or injury to a third party, and knowingly allows the condition or act to continue. *City of Columbus v. Myszka*, 246 Ga. 571 (272 SE2d 302) (1980); *City of Bowman v. Gunnells*, 243 Ga. 809 (1) (256 SE2d 782) (1979); *City of Rome v. Turk*, 235 Ga. 223, 225 (219 SE2d 97) (1975). Where, as here, the condition is alleged to be one of municipal misfeasance, the misfeasance must be such "as would exceed the concept of mere negligence." *Gunnells*, supra, 243 Ga. at 811.

OCGA § 40-5-27 (a) requires the Department of Public Safety to examine each applicant for a driver's license. "Such examination shall include a test of the applicant's . . . ability to understand official traffic-control devices. . . . Id. An applicant must attain a score of 75 out of a possible 100 points on an examination which tests his "understanding of official traffic control devices." Georgia Department of Public Safety Regulation 570-3.-07.

We acknowledge that the issue of whether a condition creates a public nuisance is generally a fact question for a jury. *Gunnells*, supra. However, some factual settings turn the issue into one of law.

The traffic control system in this case meets the national traffic

standards; it meets the standards established in the Georgia Driver's Manual which is widely available in this state; and it was not operating in a defective manner at the time of the collision. Because of the inclusion of the meaning of this traffic signal in the Georgia Driver's Manual and the requirement that drivers be familiar with official traffic control devices, knowledge of the meaning of a flashing yellow "X" signal is charged to the drivers in this state. The condition here, then, is a widely approved means of traffic control of which the driving public is charged with knowledge. Under all these circumstances, we hold, as a matter of law, that the flashing yellow "X" did not create a continuously hazardous condition amounting to a nuisance.

The fact, significant to the holding of the Court of Appeals, that left turns cannot be made along certain portions of DeKalb Avenue due to the presence of MARTA rail tracks does not alter this conclusion as there are many places along any given roadway where left turns are not forbidden, but are not feasible because there is no street or drive in which to turn. We note that there is an implied, continuing duty on the part of all those who avail themselves of the privilege of driving on the roadways of this state to know the meaning of every traffic signal, and this knowledge may be gained from a study of the Georgia Driver's Manual. See OCGA § 40-5-27 (a).

Therefore, the Court of Appeals erred in affirming the trial court's denial of the City's motion for judgment notwithstanding the verdict.

Because of our holding, we find it unnecessary to address the other issues raised by the City.

*Judgment reversed. Benham, Fletcher, Sears-Collins and Hunstein, JJ., concur; Hunt, P. J., dissents.*

DECIDED FEBRUARY 18, 1993.

*Michael V. Coleman, Joe M. Harris, Jr., Sarah I. Mills,* for appellant.

*Gorby, Reeves, Moraitakis & Whiteman, Nicholas C. Moraitakis, Martha D. Turner, Michael E. Fisher,* for appellees.

*Walter E. Sumner, Theresa F. Gilstrap,* amici curiae.