57398. BARNETT v. CITY OF ALBANY.

WEBB, Presiding Judge.
After an automobile collision in which he was

injured, Joe Bob Barnett filed an action against the City of Albany alleging that in allowing an oak tree which had fallen on top of a stop sign at a city intersection to remain in place obscuring the stop sign a nuisance was created, and that the city was negligent in failing to remove the tree. The city's motion for summary judgment was granted, and on appeal we affirm.

1. The evidence established that there was a rain and wind storm approximately 12 to 16 hours prior to the collision in which Barnett was injured, which created a strong inference that the tree was blown down at that time. There was also testimony that the tree limbs had been trimmed so that the stop sign could be seen by motorists.

"To be held liable for maintenance of a nuisance, the municipality must be chargeable with performing a continuous or regularly repetitious Act, or creating a continuous or regularly repetitious condition, which causes the hurt, inconvenience or injury [cits.]; the municipality must have knowledge or be chargeable with notice of the dangerous condition [cits.]; and, if the municipality did not perform an act creating the dangerous condition, such as installing and maintaining a defective traffic signal as in *Town of Ft. Oglethorpe v. Phillips,* [224 Ga. 834 (165 SE2d 141, 34 ALR3d 1002) (1968)], the failure of the municipality to rectify the dangerous condition must be in violation of a duty to act. [Cits.]" *Mayor &c. of Savannah v. Palmerio,* 242 Ga. 419, 426 (31) (249 SE2d 224) (1978). The evidence here failed to show that the city had committed an act which created the dangerous condition or had failed to perform an act that it was under a duty to perform which would rectify the situation.

2. Nor was there any showing of negligence. "The operation and maintenance of traffic lights and other traffic control devices is a governmental function conducted on behalf of the public safety and for the negligent performance of which municipal corporations are not liable. Code § 69-301; *City of Rome v. Potts,* 45 Ga. App. 406, 410 (165 SE 131). Such functions are not related to the maintenance of the streets as such, and liability of a municipality for the negligent failure to maintain a stop

sign after it is once erected cannot be predicated on the theory that it is a part of street maintenance." *Arthur v. City of Albany,* 98 Ga. App. 746, 747 (2) (106 SE2d 347) (1958); *Town of Ft. Oglethorpe v. Phillips,* 224 Ga. 834, 836, supra; Code Ann. § 95A-505 (a). Grant of summary judgment was therefore proper.

*Judgment affirmed. Banke and Underwood, JJ., concur.*

SUBMITTED MARCH 5, 1979 — DECIDED MARCH 13, 1979.

*Beauchamp & Hedrick, William H. Hedrick,* for appellant.

*Landau & Davis, James V. Davis,* for appellee.

*Judgment affirmed. Banke and Underwood, JJ., concur.*