71953. FEW et al. v. CITY OF EATONTON et al.
(345 SE2d 657)

McMURRAY, Presiding Judge.

This is a wrongful death action. Plaintiffs' son was discovered drowned in a public swimming pool. Plaintiffs' complaint alleged that defendant City of Eatonton and defendant Putnam County failed to properly operate the pool and that as a result, the pool constituted a nuisance which proximately caused their son's death. Approximately two months after filing suit plaintiffs dismissed defendant Putnam County without prejudice. Plaintiffs now appeal from the grant of summary judgment in favor of defendant City of Eatonton. *Held*:

"A municipal corporation, like any other individual or private

corporation, may be liable for damages it causes to a third party from the operation or maintenance of a nuisance, irrespective of whether it is exercising a governmental or municipal function. [Cits.]" *Mayor &c. of Savannah v. Palmerio*, 242 Ga. 419, 426 (3 (g)) (249 SE2d 224).

"In *City of Bowman v. Gunnells*, 243 Ga. 809 (2) (256 SE2d 782) (1979), the Supreme Court set out three guidelines to define a nuisance for which a city may be held liable. First, the defect or degree of misfeasance must be to such a degree as would exceed the concept of mere negligence. Second, the act must be of some duration. Third, the city must have failed to act within a reasonable time after knowledge of the defect or dangerous condition." *Rainey v. City of East Point*, 173 Ga. App. 893, 894 (328 SE2d 567).

Applying these guidelines to the case sub judice we find evidence which would authorize a jury to conclude that the manner in which the pool was operated created a nuisance. The evidence stated most favorably to the non-moving party shows that the water in the pool was sufficiently cloudy or dirty that one could not see the bottom of the pool at the deep end (12 feet deep). This condition existed when the pool opened for the summer and continued through the time of the death of plaintiffs' son in late June. The machine which would clean the water was broken and the city received repeated notice of that fact. An employee of the defendant City of Eatonton attempted to correct the problem without success.

Also, while there was conflicting evidence as to the division of responsibilities in regard to the pool between the City of Eatonton and Putnam County, there is evidence which could authorize a conclusion that the city was responsible for the operation and maintenance of the pool. Additionally, there is evidence permitting an inference that plaintiffs' son drowned during the normal operating hours of the pool, but was not seen by the lifeguards due to the condition of the water in the pool.

Genuine issues of material fact remain for resolution by a jury. The trial court erred in granting summary judgment in favor of the City of Eatonton.

*Judgment reversed. Carley and Pope, JJ., concur.*

DECIDED MAY 15, 1986.

*Andrew M. Scherrffius, Joseph D. Perotta*, for appellants.
*James W. Ellison, Robert C. Daniel, Jr.*, for appellees.