72577. SHUMAN v. MAYOR & ALDERMEN OF SAVANNAH.
(349 SE2d 239)

DEEN, Presiding Judge.

On July 7, 1984, as he was driving south on Waters Avenue in Savannah, Georgia, the appellant, James Shuman, was struck by the vehicle driven by Christopher Cooler, who was speeding east on 51st Street and failed to observe the stop sign at the intersection of the two streets. Shuman was severely injured. Contending, *inter alia*, that branches of a large dogwood tree owned by Ernest Brauda obscured the stop sign, that this hazardous condition constituted a nuisance, and that the City of Savannah had notice of this condition, Shuman commenced this action against Cooler, Brauda, and the Mayor and Aldermen of the City of Savannah (City). This appeal follows from the trial court's grant of summary judgment for the City. *Held*:

Before a municipality may be held liable for maintenance of a nuisance, (1) the alleged defect or degree of misfeasance must exceed mere negligence; (2) the act must be of some duration and the maintenance of the act or defect must be continuous or regularly repeti-

tious; and (3) the municipality must have failed to act within a reasonable time after knowledge of the defect or dangerous condition. *City of Bowman v. Gunnells*, 243 Ga. 809, 811 (256 SE2d 782) (1979); *Barnett v. City of Albany*, 149 Ga. App. 331 (254 SE2d 481) (1979).

In the instant case, there was some factual dispute as to whether the stop sign actually was obscured by the tree branches. However, the City's evidence that it had no knowledge of the alleged defect was uncontroverted. Shuman established that eighteen other automobile collisions had occurred at the same intersection since 1980, only four of which involved vehicles failing to stop at the sign on 51st Street, but in none of those prior incidents had there been any complaint or indication that the stop sign was obscured. As correctly concluded by the trial court, under these circumstances "[t]o hold that defendant City should have known of the problem and corrected it, even without any record of complaints or accidents [attributed to the defect], is to impose a standard of ordinary care," rather than the proper standard requiring a showing that the maintenance of the defect exceeded mere negligence. The trial court appropriately granted summary judgment for the City.

*Judgment affirmed. Benham and Beasley, JJ., concur.*

DECIDED SEPTEMBER 16, 1986 —
REHEARING DENIED SEPTEMBER 29, 1986 

*Alton D. Kitchings*, for appellant.
*R. Stephen Sims, Joseph P. Brennan, Patrick T. O'Connor*, for appellee.