74419. MOON v. CITY OF EATONTON.
(361 SE2d 6)

CARLEY, Judge.

Appellant-plaintiff is a minor. He was playing on a set of monkey bars which was located on a playground operated and maintained by appellee-defendant municipality. One of the posts of the monkey bars was anchored in the ground by concrete. The concrete surrounding the pole had somehow become exposed and protruded above ground level. Appellant fell from the monkey bars and hit the exposed and protruding concrete. As a result of his fall, appellant broke his arm.

Appellant, by next friend, brought this action to recover damages for the injury he sustained in the fall. Appellant's complaint alleged

that appellee's monkey bars constituted a nuisance which proximately caused his injury. Appellee answered, denying the material allegations of the complaint, and subsequently filed a motion for summary judgment. The trial court granted appellee's motion. Appellant appeals from the grant of summary judgment in favor of appellee.

"Where a city maintains a park primarily for the use of the public, intended as a place of resort for pleasure and promotion of health of the public at large, its operation is in virtue of the governmental powers of the municipality, and no municipal liability would attach to the non-performance or improper performance of the duties of the officers, agents, or servants of the city in respect to keeping the park safe for use by members of the general public." *Cornelisen v. City of Atlanta*, 146 Ga. 416 (1) (91 SE 415) (1917). However, " '[a] municipal corporation, like any other individual or private corporation, may be liable for damages it causes to a third party from the operation or maintenance of a nuisance, irrespective of whether it is exercising a governmental or [ministerial] function. [Cits.]' [Cit.] 'In *City of Bowman v. Gunnells*, 243 Ga. 809 (2) (256 SE2d 782) (1979), the Supreme Court set out three guidelines to define a nuisance for which a city may be held liable. First, the defect or degree of misfeasance must be to such a degree as would exceed the concept of mere negligence. Second, the act must be of some duration. Third, the city must have failed to act within a reasonable time after knowledge of the defect or dangerous condition.' [Cit.]" *Few v. City of Eatonton*, 179 Ga. App. 110, 111 (345 SE2d 657) (1986).

Applying these standards to the case at bar, there was some factual dispute as to the nature and elevation of the concrete surrounding the post and the duration of the existence of this condition. However, appellee's evidence that it had no knowledge of the alleged defect is undisputed. Compare *Few v. City of Eatonton*, supra. Appellee's mayor, city clerk, superintendent, and maintenance supervisor all stated, by way of affidavit, that they had no knowledge of any dangerous condition existing at the playground and had received no complaints, oral or written, concerning conditions at the playground prior to appellant's fall. " '[T]o hold that defendant City should have known of the problem and corrected it, even without any record of complaints or accidents [attributed to the defect], is to impose a standard of ordinary care,' rather than the proper standard requiring a showing that the maintenance of the defect exceeded mere negligence." *Shuman v. Mayor & Aldermen of Savannah*, 180 Ga. App. 427, 428 (349 SE2d 239) (1986). The trial court correctly granted summary judgment for appellee.

*Judgment affirmed. Banke, P. J., and Benham, J., concur.*

*L. Z. Dozier, Jr.*, for appellant.
*Mary M. Katz*, for appellee.