77011. CYR et al. v. MAYOR & ALDERMEN OF SAVANNAH.
(372 SE2d 659)

BANKE, Presiding Judge.

The appellants were injured when their automobile collided with another car at an intersection located within the city limits of Savannah. It is undisputed that the driver of the appellants' vehicle failed to stop at a stop sign upon entering the intersection and that the driver of the other vehicle had the right-of-way. Alleging that the stop sign in question was "totally obscured by vegetation, foliage and large trees" and that the city was negligent in allowing this condition to exist, the appellants brought the present action against "the Mayor and Aldermen of the City of Savannah" seeking to hold them liable for their injuries. The appellants do not contend that the city had in force any policy of liability insurance which would cover their injuries (see generally OCGA § 36-33-1), nor do they assert any basis for recovery other than the city's alleged negligence. This appeal is from the grant of the appellees' motion for summary judgment. *Held*:

"The operation and maintenance of traffic lights and other traffic control devices is a governmental function conducted on behalf of the public safety and for the negligent performance of which municipal corporations are not liable. (Cit.) Such functions are not related to

the maintenance of the streets as such, and liability of a municipality for negligent failure to maintain a stop sign after it is once erected cannot be predicated on the theory that it is a part of street maintenance." *Arthur v. City of Albany*, 98 Ga. App. 746, 747 (106 SE2d 347) (1958).

The appellants expressly concede in their brief on appeal "that the negligent maintenance of the streets and appurtenances thereto is the only theory of recovery presented to the trial court, and to this Court of Appeals." See OCGA § 32-4-93 (a). It follows that the trial court did not err in concluding that the appellees were entitled to judgment as a matter of law. Compare *Town of Fort Oglethorpe v. Phillips*, 224 Ga. 834 (165 SE2d 141) (1968).

*Judgment affirmed. Birdsong, C. J., concurs. Beasley, J., concurs specially.*

BEASLEY, Judge, concurring specially.

I fully concur. There is an important aspect of this case, not easily discernible in the opinion, which controls the outcome.

Plaintiffs allege that they did not stop because the stop sign was obscured, and that this was the proximate cause of their injuries. They do not allege that they failed to stop because their vision of the cross street's approach to the intersection was obscured so that they did not see oncoming traffic and that this caused the collision. Although they allege that they slowed and, not seeing other traffic, proceeded and were struck, their theory does not embrace this inability to see other traffic as the proximate cause.

A municipality may be liable for damages resulting from defects in the roads when it is negligent in maintaining the roads. OCGA § 32-4-93. "Defects" include objects adjacent to, and suspended over, the streets, the presence of which renders use of the streets more hazardous. *Richards v. Mayor of Americus*, 158 Ga. App. 693 (282 SE2d 122) (1981). The case of *Town of Fort Oglethorpe v. Phillips*, 224 Ga. 834, 836-837 (165 SE2d 141) (1968) refers to "physical obstructions," the presence of which may constitute a failure to keep the street "in a condition reasonably safe for travel," which is the exercise of a corporate or proprietary power and thus a ministerial function.

The stop sign regulated traffic. Plaintiffs' theory is that if it had been visible, they would have obeyed its regulatory command. The failure to be given notice of the requirement to stop at the intersection is what plaintiffs complain of. It was to them as though absent. The sign's presence and maintenance is a governmental function, however, an exercise of the police power. OCGA § 32-6-50; *Town of Fort Oglethorpe*, supra at 837. The presence or absence of traffic control devices, and the maintenance of them after installation, is a governmental function. *Englander v. City of East Point*, 135 Ga. App.

487 (218 SE2d 161) (1975). This would of necessity include their visibility.

Since it is the obstruction of the traffic control device, and not obstruction of the sign of oncoming traffic, which plaintiffs contend caused them to advance and collide, they are barred from recovery for even negligent exercise of this governmental function. They cannot cross the bridge of liability by merely asserting that the city had a ministerial duty while complaining that the cause of injury was the negligent exercise of a governmental power. *Arthur v. City of Albany*, 98 Ga. App. 746 (106 SE2d 347) (1958).

DECIDED SEPTEMBER 6, 1988.

*Andrew W. Estes*, for appellants.
*Patrick T. O'Connor, James B. Blackburn*, for appellees.