A94A0424. EARNHEART v. SCOTT et al.
(444 SE2d 128)

BEASLEY, Presiding Judge.

Earnheart brought this nuisance action against the City of Atlanta for injuries he sustained when his car allegedly struck a vehicle in the opposite lane.[1] He appeals the trial court's grant of summary judgment to the City.

The collision occurred on June 18, 1991, in front of 1699 Lenox Road, a quarter mile south of Wildwood Road. Earnheart testified by affidavit that it occurred at the bottom of a hill where there was excessive standing water which caused his car to hydroplane. He alleged the standing water resulted from a defective sewer drainage system and constituted a continuing nuisance. Among the City's grounds for summary judgment was that it had no notice of a defect in the system or of standing water problems at that location. The affidavit of Street Operations Chief Georgia Scott stated that her office is in charge of receiving reports of street defects and had received no such reports for that part of Lenox Road. The affidavit of a dispatcher in the Sewer Division of the Public Works Department stated that her office's records for the year preceding Earnheart's collision indicated no complaints of sewer drainage problems at that location.

Earnheart's opposing evidence was that six other accidents had recently occurred in the 1800 and 1900 blocks of Lenox Road during wet weather. He also presented a July 7, 1986 city work order for Lenox Road between Wildwood Road and Park Road which stated "Install S/W & D/W on Lenox Rd./ Drainage is involved." The order stated that the work was completed September 15, 1986. Finally, Earnheart relied on the affidavit of a nearby homeowner (1737 Lenox Road) that water breaches the curb in front of his house when it rains. He stated that his house is close to the curve where the incident occurred, that numerous accidents have occurred there and that the area is dangerous when it rains. He telephoned the police several times about the problem but nothing was done until the City grooved the road in 1990, which somewhat reduced the number of accidents.

The trial court, noting that Earnheart had presented no evidence to show how close the homeowner's property or the other incidents were to the location of Earnheart's collision, granted summary judg-

---

[1] Earnheart also named as a defendant, but dismissed, Georgia Scott, Street Operations Division Chief with the Public Works Department.

ment to the City.

1. Earnheart contends that a question of fact exists as to whether the City had notice of the standing water problem. This is crucial to the law of nuisance.

"The power to construct and maintain a sewer and drainage system is a governmental function. [Cits.]" *City of Rome v. Turk*, 235 Ga. 223, 224 (1) (219 SE2d 97) (1975). "While a municipality is not liable for negligence in the exercise of a governmental function, it may be liable for injury resulting from the maintenance of a nuisance regardless of whether it arises from the exercise of a governmental or a ministerial function." *Denson v. City of Atlanta*, 202 Ga. App. 325, 327 (414 SE2d 312) (1991). The following factors must be present to show a nuisance: "(1) The defect or degree of misfeasance must be to such a degree as would exceed the concept of mere negligence. (A single isolated act of negligence is not sufficient to show such a negligent trespass as would constitute a nuisance.) (2) The act must be of some duration . . . and the maintenance of the act or defect must be continuous or regularly repetitious. (3) Failure of the municipality to act within a reasonable time after knowledge of the defect or dangerous condition." (Citations and indention omitted.) *City of Bowman v. Gunnells*, 243 Ga. 809, 811 (2) (256 SE2d 782) (1979). The latter factor requires either knowledge or notice of the dangerous condition. *Kicklighter v. Savannah Transit Auth.*, 167 Ga. App. 528, 531 (3) (307 SE2d 47) (1983). Although the question of whether a nuisance exists is normally one of fact, in some cases it can be held as a matter of law that no nuisance exists. *City of Bowman*, supra at 811.

Earnheart's evidence failed to controvert the City's evidence that it had no knowledge of the alleged defect. Although he presented accident reports from six other incidents in the 1800 and 1900 blocks of Lenox Road, all but one occurred after Earnheart's collision. All five of the subsequent incidents were on a curve in the road and involved rain and a wet road surface, but none involved standing water. The sixth, which happened several months before Earnheart's, involved standing water, but it occurred in the 1800 block and Earnheart's was in the 1600 block. Even assuming this single accident was sufficient to put the City on notice of a standing water problem in the 1800 block, there was no evidence of its proximity to the site of Earnheart's collision in the 1600 block.

The evidence is insufficient to raise a jury question as to whether the City had notice of a standing water problem at the subject site. The mere fact that a condition may exist on one portion of a road does not show that the same condition exists at another point on the road. The 1986 work order likewise does not establish the City had notice of a sewer drainage or standing water problem. The order makes no mention of standing water and does not show why it was

issued. It could have been a request for routine maintenance. In any event, the work order also indicates that the requested drainage work on Lenox Road was performed far in advance of Earnheart's collision.

Finally, the homeowner's affidavit is insufficient to show the City had notice of the alleged standing water problem. He neither addresses the site of Earnheart's incident nor indicates the distance between his house and the site. He does not say he ever notified the police of such a problem or that the other accidents were at sites of standing water. To the contrary, his affidavit indicates they were the result of curves and a wet road surface and decreased after the City grooved the road.

"When the moving party in summary judgment shows there is no evidence creating a jury issue and that [the] movant is entitled to judgment, the respondent may not rest on his pleading, but must point to specific evidence giving rise to a triable issue. *Lau's Corp. v. Haskins*, 261 Ga. 491 (405 SE2d 474)." *Banks v. Mayor &c. of Savannah*, 210 Ga. App. 62, 63 (1) (435 SE2d 68) (1993).

Because Earnheart failed to produce evidence sufficient to controvert the City's evidence that it had no notice or knowledge of the alleged defect, the trial court properly granted summary judgment to the City. See *Shuman v. Mayor &c. of Savannah*, 180 Ga. App. 427 (349 SE2d 239) (1986).

2. In view of our decision in Division 1, we need not reach the remaining enumerations of error.

*Judgment affirmed. Andrews and Johnson, JJ., concur.*

DECIDED MAY 10, 1994.

*Sonja L. Salo*, for appellant.
*Renata Turner, Sarah I. Mills, Joe M. Harris, Jr.*, for appellees.