A98A1117. ROBERTS v. CITY OF MACON.
(506 SE2d 650)

RUFFIN, Judge.

Brenda Roberts sued the City of Macon for damages resulting from an automobile accident allegedly caused by a malfunctioning traffic light. Roberts appeals the trial court's order granting the

---

City's motion for summary judgment on Roberts' negligence and nuisance claims. For reasons which follow, we affirm.

" 'To prevail at summary judgment under OCGA § 9-11-56, the moving party must demonstrate that there is no genuine issue of material fact and that the undisputed facts, viewed in the light most favorable to the nonmoving party, warrant judgment as a matter of law. OCGA § 9-11-56 (c). A defendant may do this by showing the court that the documents, affidavits, depositions and other evidence in the record reveal that there is no evidence sufficient to create a jury issue on at least one essential element of plaintiff's case.' (Emphasis omitted.) *Lau's Corp. v. Haskins*, 261 Ga. 491 (405 SE2d 474) (1991). Our review is de novo. *Bandy v. Mills*, 216 Ga. App. 407 (454 SE2d 610) (1995)." *Walker v. Virtual Packaging*, 229 Ga. App. 124 (493 SE2d 551) (1997).

Viewed in the light most favorable to Roberts, the record shows that on July 21, 1995, a witness, Patsy Law, observed a traffic light produce a continuous green light for both Broadway and Guy Paine Road at their intersection in the City of Macon. She first saw this alleged condition around 4:30 p.m. Law claims she reported the malfunctioning light to the City of Macon Police Department between 4:30 p.m. and 4:35 p.m. and was advised that "someone was on the way to the location to monitor traffic." Around 5:00 p.m., Law called the police department again because no one had arrived to monitor traffic. Law "was again told someone was en route to the intersection." Approximately ten to twenty minutes later, Law saw a car driven by Roberts collide with a truck in the intersection. According to Law, both vehicles entered the intersection with a green light, even though they were traveling on different streets. It is undisputed that no City personnel arrived to repair the light or direct traffic until after the accident occurred.

In support of its motion for summary judgment, the City submitted the affidavit of William Billings, the manager of the Traffic Signal Division for the City. In his affidavit, Billings explained that the Traffic Signal Division received a report that the traffic light at issue was "flashing" around 6:00 p.m., after the accident had already happened. Repair personnel dispatched to the intersection reported that the light was flashing amber and red. They finished repairing the light around 7:35 p.m. Billings claims that "the Traffic Signal Division had never received a report that the traffic signal in issue was showing green in multiple directions" before the date of the accident. Finally, Billings related that the Traffic Signal Division received numerous reports of power outages and problems with traffic lights on the evening of the accident as a result of a violent storm.

In support of her opposition to the City's motion, Roberts submitted an affidavit from Law and Tommy McDaniel. McDaniel stated

that he also saw the traffic light simultaneously signal green for both Broadway and Guy Paine Road on the date of the accident. McDaniel further stated that he "had personally observed this same traffic light malfunction on several occasions. I have seen and know of several auto accidents which have occurred at this intersection before July 21, 1995, because of the traffic light's malfunction."

The City claimed it was entitled to summary judgment because (1) it is immune from liability for negligence in maintaining the traffic light, and (2) the undisputed facts do not support a valid nuisance claim against the City.[1] The trial court agreed and granted summary judgment to the City on both the negligence and nuisance theories of recovery.

On appeal, Roberts contends summary judgment should not have been granted to the City because there are material issues of fact as to "whether the negligently maintained traffic light constitutes a nuisance." Roberts also asserts that the trial court improperly placed the burden of proof on her, the non-movant. Roberts does not complain about the grant of summary judgment to the City on her negligence claim.

1. "Before a municipality may be held liable for maintenance of a nuisance, (1) the alleged defect or degree of misfeasance must exceed mere negligence; (2) the act must be of some duration and the maintenance of the act or defect must be continuous or regularly repetitious; and (3) the municipality must have failed to act within a reasonable time after knowledge of the defect or dangerous condition. [Cits.]" *Shuman v. Mayor &c. of Savannah*, 180 Ga. App. 427, 428 (349 SE2d 239) (1986).

In this case, the City submitted an affidavit in support of its summary judgment motion which established that the City Traffic Signal Division "never received a report that the traffic signal in issue was showing green in multiple directions" before the day of the accident. The City also argued in the trial court that there was no evidence to satisfy the third requirement for a valid nuisance claim against the City. As a result, the burden shifted to Roberts to "point to specific evidence giving rise to a triable issue." *Lau's Corp.*, supra.

Roberts attempted to satisfy this burden through the affidavits of Law and McDaniel. Law's affidavit established that the City's police department was notified that the light was producing simultaneous green lights approximately 45 minutes before Roberts' accident. Some of the statements in McDaniel's affidavit are ambiguous and can be interpreted differently.[2] Construing the affidavit in the

---

[1] Although Roberts did not assert a nuisance claim in her complaint, she did assert a nuisance theory in response to the City's motion for summary judgment.

[2] These statements are as follows: "On July 21, 1995, I witnessed the malfunction of the

light most favorable to Roberts, it shows that McDaniel observed the traffic light malfunction in the same manner on several occasions before Roberts' accident. According to McDaniel, these malfunctions also caused several auto accidents.

We find this evidence insufficient, as a matter of law, to create a triable issue as to whether the City acted within a reasonable time to remedy the defect after knowledge of the same, the third element of a valid nuisance claim. In *City of Bowman v. Gunnells*, 243 Ga. 809 (256 SE2d 782) (1979), the Supreme Court of Georgia held, as a matter of law, that a city acted within a reasonable time when it replaced a traffic light bulb approximately four hours after receiving notice of the burned out bulb. Id. at 809, 811 (2). In the case before us, it is undisputed that the City repaired the light approximately three hours after the first alleged report of its malfunction. Thus, evidence that Law notified the City approximately 45 minutes before Roberts' accident does not preclude summary judgment in favor of the City.

Likewise, McDaniel's affidavit also fails to create a triable issue. Although it does establish that the light malfunctioned in the same manner before Roberts' accident, there is no evidence that the City had actual or constructive knowledge of these malfunctions or the accidents they allegedly caused. Because Roberts failed to produce evidence showing the City failed to act within a reasonable time after knowledge of the dangerous condition, the trial court properly granted summary judgment to the City. See *Earnheart v. Scott*, 213 Ga. App. 188, 190 (1) (444 SE2d 128) (1994); *Moon v. City of Eatonton*, 184 Ga. App. 114, 115 (361 SE2d 6) (1987); *Shuman*, supra at 428.

2. Based upon our holding in Division 1, we reject Roberts' contention that summary judgment should not have been granted to the City because it failed to negate at least one essential element of Roberts' nuisance claim. The trial court did not improperly place the burden of proof upon Roberts, the non-movant. "A defendant who will not bear the burden of proof at trial need not affirmatively disprove the nonmoving party's case; instead, the burden on the moving party may be discharged by pointing out by reference to the affidavits, depositions and other documents in the record that there is an absence of evidence to support the nonmoving party's case." *Lau's Corp.*, supra.

*Judgment affirmed. Pope, P. J., and Beasley, J., concur.*

---

traffic light at the intersection of Broadway and Guy Paine Road in Macon, Georgia. Before this date, I had personally observed this same traffic light malfunction on several occasions. I have seen and know of several auto accidents which have occurred at this intersection before July 21, 1995, because of the traffic light's malfunction."

DECIDED SEPTEMBER 9, 1998.

*Buzzell, Graham & Welsh, Neal B. Graham,* for appellant.
*Chambless, Higdon & Carson, Thomas F. Richardson,* for appellee.

