McFadden, Judge,
dissenting.
I respectfully dissent because I believe the plaintiffs have pointed to evidence from which a factfinder reasonably could infer the elements of nuisance. The plaintiffs’ case depends on two inferences, but both are reasonable — more reasonable than the contrary inferences that the majority would adopt. First, the plaintiffs would infer from the evidence of a high incidence of improper high-speed pursuits in violation of the City’s high-speed pursuit policy andfromthe evidence of the City’s failure to enforce or train on that policy that proper training and enforcement would have resulted in fewer improper high-speed pursuits. Second, the plaintiffs would infer from the *754 evidence that high-speed pursuits often end in accidents ti a reduction in the number of improper high-speed pursuits would ^e resulted in fewer accidents.
“To be held liable for maintenance of a nuisance, [a] municip • • must be chargeable with performing a continuous or regularly iepetitious act, or creating a continuous or regularly repetitious condition, which causes ... hurt, inconvenience or injury.” City of Bowman v. Gunnells, 243 Ga. 809, 810 (1) (256 SE2d 782) (1979) (citation and punctuation omitted). The dangerous condition must be maintained “on a continuous or regular basis over a period of time in which no action or inadequate action is taken to correct the condition after knowledge thereof.” Id. (emphasis omitted). See generally Ga. Dept. of Transp. v. Heller, 285 Ga. 262, 268 (3) (674 SE2d 914) (2009) (discussing required elements for showing nuisance in case in which plaintiffs alleged that city allowed inspector to perform inadequate inspections of taxicabs).
At the summary judgment stage of the proceedings, we must “view the evidence in the record and make all reasonable inferences from it in the light most favorable to the non-moving party[.]” Mtg. Alliance Corp. v. Pickens County, 294 Ga. 212, 213 (1) (751 SE2d 51) (2013) (citations omitted). Viewed in this light, the evidence shows that the City was on notice that police officers engaged in a number of high-speed pursuits, that some of those pursuits resulted in accidents, and that many if not most of those pursuits were improper under the City’s pursuit policy and consequently should not have occurred. The evidence also shows that the City failed to act in any meaningful respect to train the officers as to when to engage in a high-speed pursuit under the policy or to enforce the policy’s requirements. And the evidence shows that the deaths in these cases occurred in an accident that resulted from an improper pursuit.
While the evidence does not directly link either the high incidence of improper pursuits to the City’s failure to train in or enforce the pursuit policy, or the accidents that occurred during high-speed pursuits to pursuits that were improper under the policy, the evidence supports these inferences. Viewed in favor of the plaintiffs, the evidence shows that high-speed police pursuits — whether proper or improper under the policy—are dangerous and have proven so in the City. A significant percentage of the high-speed pursuits in which the Atlanta Police Department engages end in accidents. Notwithstanding that known danger, the City has made a determination that, in certain cases, high-speed pursuits, on balance, are beneficial to public safety and therefore proper. That determination is entitled to the protection of sovereign immunity, and the City cannot be held liable on a theory of nuisance for accidents arising from high-speed pursuits *755 that comply with the policy. See Banks v. Mayor &c. of Savannah, 210 Ga. App. 62 (1) (435 SE2d 68) (1993) (acknowledging that operation of police engaged in duties inherently involves some danger); see also Ga. Dept. of Transp., 285 Ga. at 268 (3) (claim of nuisance against municipality requires showing that municipality engaged in degree of misfeasance that exceeded mere negligence).
But the evidence, when so viewed, also shows that the City neither informed the officers of when they could engage in high-speed pursuits under the policy nor held their officers accountable for complying with the policy. It is reasonable to infer that these failures by the City resulted in additional, improper high-speed chases and that improper high-speed chases are no less dangerous than proper ones. It is therefore reasonable to infer that some of the accidents resulting from high-speed chases arose from improper high-speed chases, chases that, under the policy, should not have occurred. These inferences raise more than a mere possibility of the necessary causal link between the City’s training and enforcement of its policy and accidents in improper high-speed pursuits. To find otherwise would require us to construe the evidence in favor of the summary judgment movant; it would require us to infer that training on and enforcement of the high-speed pursuit policy would not have led to more compliance therewith, and to infer that accidents were materially less likely to occur in improper high-speed pursuits than in high-speed pursuits generally.
Nuisance cases cited by the majority do not compel a different conclusion. In Heller v. City of Atlanta, 290 Ga. App. 345, 350 (2) (659 SE2d 617) (2008), there was no evidence that the municipality knew of the dangerous condition — that a taxicab inspector was giving passing grades to vehicles with dangerous tires. Here, in contrast, there was evidence that the City knew that many if not most reported high-speed pursuits should not have occurred under the policy, and that many other high-speed pursuits were going unreported. In Banks v. Mayor &c. of Savannah, supra, 210 Ga. App. at 62 (1), the plaintiff presented no evidence that police officers had been improperly trained in the operation of their police cars. Here, in contrast, there was evidence of a complete lack of training in or enforcement of the policy governing high-speed pursuits. Finally, in Shuman v. Mayor &c. of Savannah, 180 Ga. App. 427, 428 (349 SE2d 239) (1986), we upheld summary judgment against a plaintiff who had not presented evidence that any of the accidents at an intersection could be attributed to the dangerous condition of an obstructed stop sign. Here, in contrast, the plaintiffs have pointed to some evidence from which it could be reasonably inferred that some accidents could be *756 attributed to the dangerous condition of unnecessary and unwarranted high-speed pursuits.
Decided July 16, 2014 —
Reconsiderations denied July 31, 2014 —
Cathy Hampton, Laura S. Burton, Seth R. Eisenberg, for appellant.
Morriss & Shim, Bruce F. Morriss, Daniel Shim, for appellees (case no. A14A0602).
W. Bryant Green III, Sandra F. Lekan, for appellee (case no. A14A0691).
Because the plaintiffs have pointed to some evidence to support their nuisance claim, the trial court properly denied the City’s motion for summary judgment, and that ruling should be affirmed.